# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| **Inventergy LBS, LLC** | |
| Plaintiff, | Case No.: 1:19-cv-23341 |
| v. | Patent Case |
| **Motomon, Corp.,** | Jury Trial Demanded |
| Defendant. | |

## MOTOMON, CORP.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO INVENTERGY LBS, LLC'S COMPLAINT

Defendant Motomon, Corp. ("Motomon") hereby files its Answer, Affirmative Defenses, and Counterclaims to Plaintiff Inventergy LBS, LLC's ("Inventergy"). Motomon denies the allegations and characterizations in Inventergy's Complaint unless expressly admitted in the following paragraphs.[1]

### PARTIES

1. Motomon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, on that basis, denies all such allegations.

2. Motomon admits the allegations in Paragraph 2 of the Complaint.

---

[1] To avoid doubt, Motomon denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

## JURISDICTION

3. Motomon admits that the Complaint purports to set forth an action for patent infringement under the Title 35 of the United States Code, but Motomon denies it has committed or is committing acts of infringement and denies Inventergy is entitled to any relief.

4. Motomon admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff has alleged infringement of a patent, but Motomon denies it has committed or is committing acts of infringement and denies Inventergy is entitled to any relief.

5. Motomon does not contest whether this District has personal jurisdiction over it in this case. Motomon admits that it has engaged in systematic and continuous business activities in this District. Motomon denies it has committed or is committing acts of infringement in this District or anywhere else. Motomon denies any remaining allegations in Paragraph 5 of the Complaint.

## VENUE

6. Motomon does not contest whether venue is proper in this case. Motomon admits that it has an established place of business in this District, and is incorporated in this District's state. However, Motomon denies it has committed or is committing acts of infringement in this District or anywhere else. Motomon denies that Inventergy has suffered harm in this District or anywhere else. Motomon denies the remaining allegations in Paragraph 6 of the Complaint.

## PATENTS-IN-SUIT

7. Motomon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, and on that basis, denies all such allegations.

### The '286 Patent

8.      Motomon admits that a purported copy of U.S. Patent No. 8,760,286 (the "'286 Patent") is attached to the Complaint as Exhibit 1. Motomon admits that the face of the patent indicates that it was issued on June 24, 2014, and is entitled "System and method for communication with a tracking device." Motomon admits that the face of the patent indicates that the application leading to the '286 Patent was filed on April 10, 2012, which claims priority from provisional application number 61/065,116, filed on February 8, 2008. Motomon denies the remaining allegations in Paragraph 8 of the Complaint.

9.      Motomon denies the allegations in Paragraph 9 of the Complaint.

### The '695 Patent

10.     Motomon admits that a purported copy of U.S. Patent No. 10,129,695 (the "'695 Patent") is attached to the Complaint as an Exhibit 2. Motomon admits that the face of the patent indicates that it was issued on November 13, 2018 and is entitled "System and method for communication with a tracking device." Motomon admits that the face of the patent indicates that the application leading to the '695 Patent was filed on August 23, 2017, which claims priority from provisional application number 61/065,116, filed on February 8, 2008. Motomon denies the remaining allegations in Paragraph 10 of the Complaint.

11.     Motomon denies the allegations in Paragraph 11 of the Complaint.

### The '978 Patent

12.     Motomon admits that a purported copy of U.S. Patent No. 9,219,978 (the "'978 Patent") is attached to the Complaint as an Exhibit 3. Motomon admits that the face of the patent indicates that it was issued on December 22, 2015 and is entitled "System and method for communication with a tracking device." Motomon admits that the face of the patent indicates that

the application leading to the '978 Patent was filed on June 24, 2014, which claims priority from provisional application number 61/065,116, filed on February 8, 2008. Motomon denies the remaining allegations in Paragraph 12 of the Complaint.

13. Motomon denies the allegations in Paragraph 13 of the Complaint.

### The '558 Patent

14. Motomon admits that a purported copy of U.S. Patent No. 9,781,558 (the "'558 Patent") is attached to the Complaint as an Exhibit 4. Motomon admits that the face of the patent indicates that it was issued on October 3, 2017 and is entitled "System and method for communication with a tracking device." Motomon admits that the face of the patent indicates that the application leading to the '558 Patent was filed on December 7, 2015, which claims priority from provisional application number 61/065,116, filed on February 8, 2008. Motomon denies the remaining allegations in Paragraph 14 of the Complaint.

15. Motomon denies the allegations in Paragraph 15 of the Complaint.

### COUNT 1: [ALLEGED] INFRINGEMENT OF THE '286 PATENT

16. Motomon denies the allegations in Paragraph 16 of the Complaint.

17. Motomon denies the allegations in Paragraph 17 of the Complaint.

18. Motomon denies the allegations in Paragraph 18 of the Complaint.

19. Motomon admits that the filing of this Compliant constitutes notice under 35 U.S.C. § 287. Motomon denies the remaining allegations in Paragraph 19 of the Complaint.

20. Motomon denies the allegations in Paragraph 20 of the Complaint.

21. Motomon denies the allegations in Paragraph 21 of the Complaint.

22. Motomon denies the allegations in Paragraph 22 of the Complaint.

23. Motomon admits that charts comparing claim 1 of the '286 Patent to Motomon's AutoGPS are attached as Exhibit 5 to this Complaint. Motomon denies the remaining allegations in Paragraph 23 of the Complaint.

24. Motomon denies the allegations in Paragraph 24 of the Complaint.

25. Motomon denies the allegations in Paragraph 25 of the Complaint.

### COUNT 2: [ALLEGED] INFRINGEMENT OF THE '695 PATENT

26. Motomon denies the allegations in Paragraph 26 of the Complaint.

27. Motomon denies the allegations in Paragraph 27 of the Complaint.

28. Motomon denies the allegations in Paragraph 28 of the Complaint.

29. Motomon admits that the filing of this Complaint constitutes notice under 35 U.S.C. § 287. Motomon denies the remaining allegations in Paragraph 29 of the Complaint.

30. Motomon denies the allegations in Paragraph 30 of the Complaint

31. Motomon denies the allegations in Paragraph 31 of the Complaint.

32. Motomon denies the allegations in Paragraph 32 of the Complaint.

33. Motomon admits that charts comparing claim 1 of the '695 Patent to Motomon's AutoGPS are attached as Exhibit 6 to this Complaint. Motomon denies the remaining allegations in Paragraph 33 of the Complaint.

34. Motomon denies the allegations in Paragraph 34 of the Complaint.

35. Motomon denies the allegations in Paragraph 35 of the Complaint.

### COUNT 3: [ALLEGED] INFRINGEMENT OF THE '978 PATENT

36. Motomon denies the allegations in Paragraph 36 of the Complaint.

37. Motomon denies the allegations in Paragraph 37 of the Complaint.

38. Motomon denies the allegations in Paragraph 38 of the Complaint.

39. Motomon admits that the filing of this Complaint constitutes notice under 35 U.S.C. § 287. Motomon denies the remaining allegations in Paragraph 39 of the Complaint.

40. Motomon denies the allegations in Paragraph 40 of the Complaint.

41. Motomon denies the allegations in Paragraph 41 of the Complaint.

42. Motomon denies the allegations in Paragraph 42 of the Complaint.

43. Motomon admits that charts comparing claim 1 of the '978 Patent to Motomon's AutoGPS are attached as Exhibit 7 to this Complaint. Motomon denies the remaining allegations in Paragraph 43 of the Complaint.

44. Motomon denies the allegations in Paragraph 44 of the Complaint.

45. Motomon denies the allegations in Paragraph 45 of the Complaint.

### COUNT 4: [ALLEGED] INFRINGEMENT OF THE '558 PATENT

46. Motomon denies the allegations in Paragraph 46 of the Complaint.

47. Motomon denies the allegations in Paragraph 47 of the Complaint.

48. Motomon denies the allegations in Paragraph 48 of the Complaint.

49. Motomon admits that the filing of this Complaint constitutes notice under 35 U.S.C. § 287. Motomon denies the remaining allegations in Paragraph 49 of the Complaint.

50. Motomon denies the allegations in Paragraph 50 of the Complaint.

51. Motomon denies the allegations in Paragraph 51 of the Complaint.

52. Motomon denies the allegations in Paragraph 52 of the Complaint.

53. Motomon admits that charts comparing claim 31 of the '558 Patent to Motomon's AutoGPS are attached as Exhibit 8 to this Complaint. Motomon denies the remaining allegations in Paragraph 53 of the Complaint.

54. Motomon denies the allegations in Paragraph 54 of the Complaint.

55. Motomon denies the allegations in Paragraph 55 of the Complaint.

## JURY DEMAND

56. Motomon admits that Inventergy requests a trial by jury on all issues so triable under Rule 38(b) of the Federal Rules of Civil Procedure.

## [INVENTERGY'S] PRAYER FOR RELIEF

To the extent that a response is required to Inventergy's prayer for relief, Motomon denies that Inventergy is entitled to any judgment against Motomon and/or an order granting relief in any of the forms requested in parts A-J.

## AFFIRMATIVE DEFENSES

Motomon's Affirmative Defenses are listed below. Motomon reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

Motomon has not infringed and does not infringe, either literally or under the doctrine of equivalents, under any theory of infringement, any valid, enforceable claim of the '286, '695, '978 and/or '558 Patents (collectively, the "Patents-in-Suit").

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the Patents-in-Suit is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Inventergy and any predecessors in interest to the Patents-in-Suit failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Motomon's actions allegedly infringe the Patents-in-Suit,

Motomon is not liable to Inventergy for the acts alleged to have been performed before Inventergy received actual notice that it was allegedly infringing the Patents-in-Suit.

## FOURTH AFFIRMATIVE DEFENSE

Inventergy's Complaint fails to state a claim upon which relief can be granted because the Patents-in-Suit do not claim patent eligible subject matter under 35 U.S.C. § 101.

## FIFTH AFFIRMATIVE DEFENSE

The claims of the Patents-in-Suit are not entitled to a scope sufficient to encompass any method practiced by Motomon.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that Inventergy asserts that Motomon indirectly infringes, either by contributory infringement or inducement of infringement, Motomon is not liable to Inventergy for the acts alleged to have been performed before Motomon knew that its actions would cause the alleged indirect infringement.

## SEVENTH AFFIRMATIVE DEFENSE

Should Motomon be found to infringe any valid, enforceable claim of the Patents-in-Suit, such infringement was not willful.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent Inventergy asserts that Motomon indirectly infringes, either by contributory infringement or inducement of infringement, Inventergy has failed to state a claim upon which relief can be granted.

## NINTH AFFIRMATIVE DEFENSE

Inventergy's claims for damages are statutorily limited or barred by 35 U.S.C. § 286.

## RESERVATION OF ALL AFFIRMATIVE DEFENSES

Motomon reserves all affirmative defenses permitted under the Federal Rules of Civil

Procedure, the patent laws of the United States and/or at law or in equity, that may now exist or may exist in the future based on discovery and further investigation in this case.

## MOTOMON, CORP.'S COUNTERCLAIMS

For its counterclaims against Counterclaim Defendant Inventergy LBS, LLC ("Inventergy"), Counterclaim Plaintiff Motomon, Corp. ("Motomon") alleges as follows:

## PARTIES

1. Motomon is a corporation organized and existing under the laws of the State of Florida, with a principal address of 14707 S. Dixie Hwy. 301, Miami, FL 33176.

2. Upon information and belief based solely on Paragraph 1 of the Complaint as pled by Inventergy, Inventergy is a corporation organized and existing under the laws of Delaware and maintains its principal place of business at 900 East Hamilton Avenue, Campbell, CA 95008.

## JURISDICTION AND VENUE

3. Motomon incorporates by reference Paragraphs 1-2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. Inventergy has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6. Based solely on the filing of this action, venue is proper in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I: DECLARATORY RELIEF REGARDING
## NON-INFRINGEMENT OF THE '286 PATENT

7. Motomon incorporates herein by reference Paragraphs 1-6 above.

8. Based on the filing of this action and at least Motomon's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Motomon infringes U.S. Patent No. 8,760,286 (the '286 Patent).

9. Motomon does not infringe at least Claim 1 of the '286 Patent at least because it does not meet the limitations of "memory for storing data and code, said data including . . . configuration data," "a processor operative to execute said code to impart functionality to said tracking device," "configuration data modifiable responsive to said communication from any of said remote systems at least partially determines an interval for buffering said location data when said communication device is unable to communicate said location data to at least one of said remote systems," and "said interval for buffering at least partially controls how frequently newly acquired location data will be stored in said memory."

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Motomon requests a declaration by the Court that Motomon has not infringed and does not infringe any claim of the '286 Patent.

### COUNT II: DECLARATORY RELIEF REGARDING NON-INFRINGEMENT OF THE '695 PATENT

11. Motomon incorporates herein by reference Paragraphs 1-10 above.

12. Based on the filing of this action and at least Motomon's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Motomon infringes U.S. Patent No. 10,129,695 (the "'695 Patent").

13. Motomon does not infringe at least Claim 1 of the '695 Patent at least because it does not meet the limitations of "memory comprising a stored set of instructions and data, said data including . . . configuration data," "a processor configured to execute said stored set of instructions to control operation of said tracking device," "wherein said stored set of instructions

are configured to cause said tracking device to receive updates to said configuration data from said remote system, use said configuration data to control functionality of said tracking device, determine whether said tracking device is in communication with said remote system, transmit locations of said tracking device while said communication device is able to communicate with said remote system," and "buffer said location data indicative of one or more locations of said tracking device when communication with said remote system is lost, and transmit said buffered location data after communication with said remote system is restored."

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Motomon requests a declaration by the Court that Motomon has not infringed and does not infringe any claim of the '695 Patent.

### COUNT III: DECLARATORY RELIEF REGARDING NON-INFRINGEMENT OF THE '978 PATENT

15. Motomon incorporates herein by reference Paragraphs 1-14 above.

16. Based on the filing of this action and at least Motomon's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Motomon infringes U.S. Patent No. 9,219,978 (the "'978 Patent").

17. Motomon does not infringe at least Claim 1 of the '978 Patent at least because it does not meet the limitations of "memory for storing data and code, said data including . . . configuration data," "a processor operative to execute said code to impart functionality to said tracking device," "a buffering routine operative to buffer location data indicative of a plurality of said locations when said communication device is unable to communicate with said remote system," and "a reporting routine operative to transmit said location data indicative of said plurality of said locations when said communication device is able to communicate with said remote system."

18. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Motomon requests a declaration by the Court that Motomon has not infringed and does not infringe any claim of the '978 Patent.

## COUNT IV: DECLARATORY RELIEF REGARDING NON-INFRINGEMENT OF THE '558 PATENT

19. Motomon incorporates herein by reference Paragraphs 1-18 above.

20. Based on the filing of this action and at least Motomon's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Motomon infringes U.S. Patent No. 9,781,558 (the "'558 Patent").

21. Motomon does not infringe at least Claim 31 of the '558 Patent at least because it does not meet the limitations of "memory for storing data and code, said data including . . . configuration data," "a processor operative to execute said code to impart functionality to said tracking device," and "a reporting routine operative to communicate operational data between said tracking device and said remote system."

22. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Motomon requests a declaration by the Court that Motomon has not infringed and does not infringe any claim of the '558 Patent.

## COUNT V: DECLARATORY RELIEF REGARDING INVALIDITY OF THE '286 PATENT

23. Motomon incorporates herein by reference Paragraphs 1-22 above.

24. Based on the filing of this action and at least Motomon's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '286 Patent.

25. The asserted claims of the '286 Patent are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Nos. 5,982,281, 6,043,748, 6,054,928, and 7,996,887.

26. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Motomon requests a declaration by the Court that claims of the '286 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### COUNT VI: DECLARATORY RELIEF REGARDING INVALIDITY OF THE '695 PATENT

27. Motomon incorporates herein by reference Paragraphs 1-26 above.

28. Based on filing of this action and at least Motomon's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '695 Patent.

29. The asserted claims of the '695 Patent are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Nos. 5,982,281, 6,043,748, 6,054,928, 6,774,799, and 6,801,129.

30. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Motomon requests a declaration by the Court that claims of the '695 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### COUNT VII: DECLARATORY RELIEF REGARDING INVALIDITY OF THE '978 PATENT

31. Motomon incorporates herein by reference Paragraphs 1-30 above.

32. Based on filing of this action and at least Motomon's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '978 Patent.

33. The asserted claims of the '978 Patent are anticipated and/or rendered obvious by, *inter alia*, U.S. Patents Nos. 5,982,281, 6,043,748, 6,054,928, and 7,996,887.

34. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Motomon requests a declaration by the Court that claims of the '978 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### COUNT VIII: DECLARATORY RELIEF REGARDING INVALIDITY OF THE '558 PATENT

35. Motomon incorporates herein by reference Paragraphs 1-34 above.

36. Based on filing of this action and at least Motomon's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '558 Patent.

37. The asserted claims of the '558 Patent are anticipated and/or rendered obvious by, *inter alia*, U.S. Patents Nos. 5,982,281, 6,043,748, 6,054,928, 6,801,129, 7,696,887, and 8,154,401.

### **PRAYER FOR RELIEF**

WHEREFORE, Motomon asks this Court to enter judgment in Motomon's favor and against Inventergy by granting the following relief:

a) a declaration that the '286 Patent, the '695 Patent, the '978 Patent, and the '558 Patent are invalid;

b) a declaration that Motomon does not infringe any valid claim of the '286 Patent, the '695 Patent, the '978 Patent, and the '558 Patent that may be enforceable;

c) a declaration that Inventergy takes nothing by its Complaint;

    d)    judgment against Inventergy and in favor of Motomon;

    e)    dismissal of the Complaint with prejudice;

    f)    a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Motomon of its costs and attorneys' fees incurred in this action; and

    g)    further relief as the Court may deem just and proper.

## JURY DEMAND

Motomon hereby demands trial by jury on all issues.

Dated: September 30, 2019

                        Respectfully submitted,

                        by: */s/ Eleanor T. Barnett*
                        Eleanor T. Barnett, Esq.
                        Fla. Bar No. 0355630
                        WALDMAN BARNETT, P.L.
                        3250 Mary Street, Suite 102
                        Coconut Grove, Florida 33133
                        (305) 371-8809 (Telephone)
                        ebarnett@waldmanbarnett.com
                        litservice@waldmanbarnett.com

                        *Counsel for Defendant Motomon, Corp.*

## CERTIFICATE OF SERVICE

The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served on September 30, 2019 with a copy of this document via the Court's CM/ECF system.

                        /s/ *Eleanor T. Barnett*
                        Eleanor T. Barnett, Esq.